UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Page 1 of 11 pages

```
Priority    ✓
Send        ✓
Enter       ___
Closed      ___
JS-5/JS-6   ___
JS-2/JS-3   ___
Scan Only   ___
```

Case No  ED CV 03-1210 RT (SGLx)          Date  June 22, 2004

Title  N A F T A Distributors v CIA Exportadora de Aguas Minerales

==================================================================

PRESENT

ROBERT J TIMLIN, JUDGE

| Lenora Pulliam | None |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS      ATTORNEYS PRESENT FOR DEFENDANTS

NONE                                  NONE

PROCEEDINGS    ORDER 1) GRANTING DEFENDANT'S MOTION TO DISMISS
CERTAIN CLAIMS OF PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED R CIV P 12(b)(6), 2) DENYING
DEFENDANT'S ALTERNATIVE MOTION TO STRIKE AS MOOT,
AND 3) DENYING DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT AS MOOT

The court, Judge Robert J Timlin, has read and considered defendant CIA Exportadora de Aguas Minerales, S A de C V ("Exportadora")'s motion to dismiss claims two, three, four, and five of plaintiff N A F T A Distributors ("NAFTA")'s first amended complaint ("FAC"), pursuant to Fed R Civ P Rule 12(b)(6) ("Rule 12(b)(6)"), or in the alternative to strike NAFTA's allegation and request regarding punitive damages pursuant to Fed R Civ P 12(f) ("Rule 12(f)") and to order a more definite statement, pursuant to Fed R Civ P 12(e) ("Rule 12(e)")  The court has also

1




considered the opposition and partial non-opposition of NAFTA and Exportadora's reply Based on such consideration, the court concludes as follows

# I.
# BACKGROUND

A. Procedural History

NAFTA filed an action against Exportadora, Controladora de Marcas Internacionales, S A de C V ("Controladora"), Mesa Beverage Co , Inc ("Mesa"), and doe defendants in the Superior Court for the State of California, County of San Bernardino, entitled N A F T A Distributors v CIA Exportadora de Aguas Minerales, et al , case no RCV 071611 After Mesa was voluntarily dismissed without prejudice, Exportadora removed this action to federal court, pursuant to 28 U S C §1441(a) (diversity)

NAFTA filed its FAC, alleging five claims against the remaining defendants Controladora and Exportadora 1) breach of contract, 2) fraud, 3) negligent misrepresentation, 4) money had and received, and 5) services rendered Subsequently, all claims against Controladora were voluntarily dismissed without prejudice, leaving Exportadora as the sole named defendant In the instant motion, Exportadora moves to dismiss claims two, three, four, and five of the FAC [1]

B. Facts Alleged in FAC [2]

Exportadora manufactures beverages for purchase and consumption and exports them to the

---

[1] NAFTA does not oppose the motion as to the fourth claim (money had and received) or the fifth claim (services rendered) Therefore, the court will address only claims two and three, and accordingly will grant without prejudice Exportadora's motion to dismiss as to claims four and five

[2] The factual recitation is derived entirely from the First Amended Complaint ("FAC") When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them See Pareto v F D I C , 139 F 3d 696, 699 (9th Cir 1998)

United States.[3] One of these beverages is known as "Penafiel" and is manufactured and sold in various flavors. On or about November 2, 1998, NAFTA and Exportadora entered into a written agreement ("Agreement"), pursuant to which NAFTA was to be the exclusive and sole distributor of Penafiel in the Western United States. In exchange, NAFTA agreed to purchase Penafiel from Exportadora at the list price, and to promote and market Penafiel. The terms of the Agreement required NAFTA to purchase Penafiel at a plant located in Mexico, and to facilitate the products' distribution, bearing all costs for the sales and marketing of the distribution.

The Agreement provided that it would be renewed at the end of 1999 for the year 2000 upon certain terms and conditions of NAFTA's performance. The parties continued to renew the Agreement on an annual basis by operating under its terms for the years 2000 and 2001 and up until the latter part of 2003. These were confirmed after 2000 by Exportadora bottling the Penafiel product in bottles which indicated that NAFTA imported the product to the Western United States.

NAFTA performed as required by the Agreement, but Exportadora has not. In about September 2002, Exportadora commenced selling Penafiel to another distributor who distributed the product to retail outlets and locations within the territories which were the subject of the Agreement. In early November 2002, Exportadora demanded that NAFTA purchase an increased amount of

---

[3]NAFTA alleges fraud in ¶15-21 of the FAC. Exportadora makes much of the fact that the FAC refers to "Defendants," because at the time that the FAC was filed, there were multiple defendants. In cases involving multiple defendants, compliance with Rule 9(b) requires that the allegations specify each defendant's role in the alleged fraudulent statement at issue. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

However, Controladora, the other defendant in the instant action, was dismissed shortly after the filing of the FAC. Therefore, the court believes that it is reasonable to interpret the FAC's references to "Defendants" as being directed toward Exportadora, the sole remaining defendant, because as the only remaining defendant, Exportadora has notice that all references to Defendant refer to Exportadora's conduct.

Penafiel by the end of 2002 in order to avoid losing its exclusive distributorship At about the same time, Exportadora advised NAFTA that it had been approached by another distributor for distribution of Penafiel in the Western United States, yet continued to assure NAFTA of Exportadora' intentions to abide by the Agreement

From October to December 2002, Exportadora made several representations to NAFTA through their respective agents, Alejandro Andrade ("Andrade") and Sam Madikians ("Madikians") On October 2002, Andrade represented that Mesa had approached Exportadora and made a proposal to be the exclusive distributor of Penafiel for the Western United States, and that Exportadora refused to accept the proposal On November 29, 2002, Andrade represented again that Exportadora would not entertain Mesa's proposal In late December 2002, Andrade advised Madikians that Exportadora had decided to accept Mesa's proposal, but that Mesa would be required to compensate NAFTA for its efforts

Exportadora knew these representations to be false, and had no reasonable grounds for believing them to be true Exportadora never intended to continue to use NAFTA as the exclusive distributor of Penafiel in the Western United States Rather than terminating NAFTA, Exportadora encouraged its performance in order to allow Mesa time in which to become able to continue distribution of the product without interruption Believing these statements to be true, NAFTA was induced to purchase product from Exportadora and continued to incur expenses for marketing and distributing Penafiel

## II.
## MOTION TO DISMISS

In the instant motion, Exportadora contends that NAFTA's fraud claim fails as a matter of

law because it fails to comply with the specific pleading requirements for such a claim, and that neither the fraud nor negligent misrepresentation claims properly alleges detrimental reliance, and does not properly allege causation of damages

A.    Legal Standard Governing a Rule 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal can be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)

In resolving a Rule 12(b)(6) motion, the court must 1) construe the complaint in the light most favorable to the plaintiff, 2) accept all well-pleaded factual allegations as true, and 3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-8 (9th Cir. 1996), Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996) In addition, a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2222 (1984), see also Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir. 1989)

B.    Specificity of Pleading

In most cases, the Federal Rules of Civil Procedure require only that pleadings contain a short and plain statement of the claim Fed. R. Civ. P. 8 Federal Rule of Civil Procedure 9(b), however, requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b) ("Rule 9(b)") The particularity requirement serves several purposes The rule ensures that defendants accused of the conduct specified have

5

adequate notice of what they are alleged to have done, so that they may defend against the accusations Concha v London, 62 F 3d 1493, 1502 (9th Cir 1995)

To comply with Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong " Neubronner v Milken, 6 F 3d 666, 672 (9th Cir 1993) Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation Moore v Kayport Package Exp , Inc , 885 F 2d 531, 541 (9th Cir 1989)

Where the facts at the pleading stage are largely in defendants' control, a plaintiff may escape the time, place, and content requirement, and plead the fraud based on "information and belief" Shapiro v UJB Financial Corp , 964 F 2d 272, 285 (3rd Cir 1992) In cases where fraud is pled through "information and belief", the complaint must set forth the plaintiff's factual basis for such belief Wool v Tandem Computers, Inc , 81 F 2d 1433, 1439 (9th Cir 1987)

Exportadora contends that NAFTA has not complied with the Rule 9(b) particularity requirement, because the second claim fails to provide information about the time, place, and content of the fraudulent statements, and alternatively that NAFTA has not alleged the factual basis for its information and belief that such statements were fraudulent [4]

The time, place, and content pleading in fraud claims is required, to the extent that the factual allegations are "specific enough to give defendants notice of the particular conduct which is alleged to constitute the fraud      " Semegen v Weidner, 780 F 2d 727, 731 (9th Cir 1985) (complaint must

---

[4] The FAC contains both specific allegations regarding several fraudulent representations between the dates of October 2002 and December 2002, see FAC at ¶ 16-18, as well as a more generally pled allegation based on "information and belief" see FAC at ¶ 19

do "more than set forth conclusory allegations of fraud")

In the instant case, NAFTA has alleged that two specific conversations occurred between Andrade and Madikians, one during October 2002, and one during November 2002, in which Andrade falsely stated that Exportadora had no intention of accepting Mesa's offer to replace NAFTA as the sole distributor of Penafiel In this allegation, NAFTA has given Exportadora notice of the month in which the alleged conversations occurred, the parties involved, and the content of the conversation Although NAFTA did not include the specific location at which these conversations occurred, it is difficult to believe that the absence of locational information has prevented Exportadora from having enough notice of the fraud claim to be able to efficiently defend against it Therefore, the FAC properly complies with Rule 9(b)'s particularity requirement, and Exportadora's motion to dismiss the second claim of the FAC on this basis is denied

The FAC also contains a paragraph pleading the fraud claim upon "information and belief" Exportadora contends that NAFTA has not, as is required in "information and belief" pleading of fraud, properly alleged the factual basis of its belief However, the "information and belief" pleading appears to have been added as an alternative method of pleading the FAC's fraud claim, should the other allegations fail to meet the particularity requirement Because the court, as discussed above, finds that the fraud claim meets Rule 9(b)'s particularity requirement, it need not address the sufficiency of the "information and belief" pleading contained in the FAC at ¶19

C  Reliance and Causation

The elements of intentional misrepresentation, or actual fraud, are 1) misrepresentation (false representation, concealment, or non-disclosure), 2) knowledge of falsity (scienter), 3) intent to defraud (i e , to induce reliance), 4) justifiable reliance, and 5) causation of damage <u>Anderson v</u>

Deloitte & Touche, 66 Cal Rptr 2d 512, 515 (Cal App 1 Dist 1997)

The elements of negligent misrepresentation include (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) causation of damage Glenn K Jackson Inc v Roe, 273 F 3d 1192, 1201 n 2 (9th Cir 2001)

In the instant motion, Exportadora asserts that NAFTA has failed to sufficiently allege the reliance and causation elements of the fraud and the negligent misrepresentation claims

*1   Reliance*

"An essential element in recovery for deceit is proof of the plaintiff's justifiable reliance on the defendant's fraudulent representations " City Solutions, Inc v Clear Channel Communications, 365 F 3d 835, 840 (9th Cir 2004) The reliance upon the truth of the fraudulent misrepresentation need not be the sole or even the predominant or decisive factor in influencing the plaintiff's conduct, but must merely be "a substantial factor, in influencing [the] decision " Engalla v Permanente Med Group, Inc., 15 Cal 4th 951, 976-77, 64 Cal Rptr 2d 843 (1997)

Reliance exists when the misrepresentation or nondisclosure is "an immediate cause of the plaintiff's conduct which altered his or her legal relations     " Alliance Mortgage Co v Rothwell, 10 Cal 4th 1226, 1239, 44 Cal Rptr 2d 352 (1995) Whether or not the plaintiff's reliance is reasonable is usually a question of fact Id

NAFTA alleges in the FAC that it relied upon Andrade's statements that Exportadora intended to adhere to the Agreement, and that in reliance, it purchased in November 2002 larger quantities of Penafiel than it was required to under the Agreement and made certain marketing

expenditures in anticipation of a renewal of the Agreement In addition, NAFTA contends that, in reliance upon the statements that Exportadora was not intending to use Mesa as its distributor in violation of the agreement, it did not sue for anticipatory breach of contract Exportadora, however, asserts that because NAFTA was obligated to purchase Penafiel products from it, it could not have changed its position in detrimental reliance on the allegedly fraudulent statements

As noted above, reliance exists when nondisclosure or misrepresentation alters the plaintiff's legal relationship with the other party Alliance Mortgage, 10 Cal 4th at 1239 NAFTA alleges that it relied upon Exportadora's assurances that the Agreement was still in effect, despite Mesa's approaches to replace NAFTA as the Penafiel distributor, when it purchased a larger portion of Penafiel than normal in November 2002 It is consistent with the allegations in the FAC to infer therefrom that NAFTA, had it known that Exportadora was planning on breaching the Agreement by substituting Mesa as the exclusive distributor, would have stopped performance prior to the November 2002 purchase, and would have sued for anticipatory breach

The legal relationship that would have existed between NAFTA and Exportadora, were the October and November 2002 representations to NAFTA true, differs greatly from the legal relationship–a likely lawsuit–that would have resulted had Exportadora admitted in October 2002 that it had engaged with Mesa in negotiations to replace NAFTA as its distributor

Exportadora maintains that reliance needs to be exhibited by an affirmative reaction to the statement, but it does not submit–and the court is unable to find–any authority for the proposition that forbearing a suit for anticipatory breach would not be sufficient for the detrimental reliance element of a fraud claim Therefore, the FAC properly pleads detrimental reliance upon the alleged fraudulent statements, and Exportadora's motion to dismiss the second and third claim of the FAC

9

on this basis is denied

*2 Causation*

In an action for fraud, as well as for negligent misrepresentation, damage is an essential element of the cause of action." Committee on Children's Television, Inc v General Foods Corp., 35 Cal 3d 197, 219, 197 Cal Rptr 783 (1983) Misrepresentation or nondisclosure, even if committed maliciously, "does not support a cause of action unless the plaintiff suffered consequential damages." Conrad v Bank of America, 45 Cal App 4th 133, 159, 53 Cal Rptr 2d 336 (1996)

At the pleading stage, the complaint "must show a cause and effect relationship between the fraud and damages sought, otherwise no cause of action is stated." Zumbrun v University of Southern California, 25 Cal App 3d 1, 12, 101 Cal Rptr 499 (1972) Like any other element of fraud or negligent misrepresentation, damage causation must be pled specifically, general and conclusory allegations do not suffice Lazar v Superior Court 12 Cal 4th 631, 645, 49 Cal Rptr 2d 377 (1996)

In each of the second and third claims of the FAC, NAFTA alleges that it has been damaged in the sum of $100,000 "as a direct and proximate result" of Exportadora's intentional/negligent misrepresentations regarding its relationship with Mesa See FAC at ¶¶ 20, 24 However NAFTA does not allege a specific direct causal relationship between its reliance on Exportadora's statements and its being damaged by those misrepresentation during the alleged three month period Nor does NAFTA specify how it was damaged by its reliance in the approximate amount of $100,000 Because NAFTA has not sufficiently pled a causal relationship between the alleged fraud and/or negligent misrepresentation and its damages, the court will grant Exportadora's motion to dismiss the second and third claims of the FAC without prejudice

///

### III.
### MOTION TO STRIKE ALLEGATION AND PRAYER REGARDING PUNITIVE DAMAGES AND MOTION FOR MORE DEFINITE STATEMENT

Because the court has determined that claims two and three of the FAC should be dismissed, pursuant to Fed R Civ P 12(b)(6), Exportadora's motion in the alternative to strike NAFTA's request for punitive damages, as that request is based on NAFTA's fraud claim, and its motion for a more definite statement are both rendered moot  The court therefore will deny those motions

### IV.
### DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT

1) Defendant Exportadora's motion to dismiss the fourth and fifth claims of the FAC is GRANTED, without prejudice

2) Defendant Exportadora's motion to dismiss the second and third claims of the FAC is GRANTED, with leave to amend,

3) Defendant Exportadora's alternative motion to strike NAFTA's request for punitive damages is DENIED as moot,

4) Defendant Exportadora's motion for a more definite statement is DENIED as moot, and

5) Plaintiff NAFTA shall file a second amended complaint ("SAC") no later than 18 days from the date of this order

